UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK RUPP et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:10-cv-00174-RCJ-RAM |
| vs. ) | |
| ) | |
| THE FIRST AMERICAN TITLE CO. et al., ) | ORDER |
| ) | |
| Defendants. ) | |

This case arises out of the accidental transfer of $75,400.37 in funds from a title company to Plaintiff after the sale of Plaintiff's property in San Francisco, California and his subsequent refusal to return the money. Pending before the Court are Defendant's Motion to Dismiss or for a More Definite Statement (ECF No. 5) and Motion to Strike (ECF No. 15). For the reasons given herein, the Court dismisses the case for lack of subject matter jurisdiction and denies all pending motions.

I.  **FACTS AND PROCEDURAL HISTORY**

Plaintiff Frank W. Rupp sold a condominium in San Francisco, California while he and Plaintiff Douglas J. Gould were having a home built in Reno, Nevada. (Compl. 2:2–3, ECF No. 3).[1] After the sale, the District Manager of Defendant The First American Title Co. ("First American")

---

[1] Plaintiffs now reside in California. (*Id.* 1).

telephoned Rupp and informed him that First American had accidentally transferred $75,400.37 too much to Rupp at closing. (*Id.* 2:4–9). Defendant sued Rupp in state court in Reno, Nevada, and the court awarded Defendant a judgment and a writ of garnishment. (*Id.* 2:17–23). Defendant executed against Rupp's bank account in the amount of nearly $15,000 and placed a lien against Rupp's and Gould's property in Reno for the remainder owed on the judgment. (*Id.* 2:23–3:1). Plaintiffs allege that Defendant's attorney forged the writ of garnishment before the state court judge signed it and placed a lien on the Reno property before the judge granted summary judgment. (*See id.*).

The Complaint then recounts several actions Plaintiffs have filed against Defendant in various jurisdictions. First, Plaintiffs sued Defendant for breach of contract in the Superior Court in San Francisco, but they eventually dismissed the suit voluntarily. (*Id.* 3:9–15). Second, the "State of Nevada Appeals Court" dismissed Plaintiffs' claims of grand larceny and fraud, leaving claims of unclean hands and unjust enrichment. (*Id.* 3:17–21).[2] Third, Plaintiffs filed a 42 U.S.C. § 1983 action against "the Citizens of the State of Nevada" in the Northern District of California in San Francisco that was dismissed for lack of jurisdiction. (*Id.* 4:3–9). Fourth, Plaintiffs then filed a "civil harassment" complaint against Defendant in the Northern District of California in Oakland that was also dismissed for lack of jurisdiction. (*Id.* 4:15–25). Fifth, Defendant applied to register the Nevada state court judgment in the Superior Court in Riverside County, California, but that court denied the application. (*Id.* 5:4–9). Sixth, in or about February 2009 Plaintiffs filed an action against Defendant and the California Attorney General in the Superior Court of an unspecified California county. (*Id.*

---

[2]It is not clear which lawsuit this allegation refers to. Presumably, Plaintiffs mean this was an appeal from the judgment entered against them in state court in Nevada—the judgment by which Defendant obtained a writ of garnishment. However, Nevada has no intermediate court of appeals. The only appeal is taken to the Nevada Supreme Court. The allegation is further confusing because Defendant is represented by counsel and would not likely have filed a claim of "grand larceny," which is a criminal charge that cannot be pursued in a civil action by a private party. Perhaps the claims Plaintiffs identify in this allegation are counterclaims brought by Plaintiffs in the Nevada state court action.

5:11–17). The Attorney General was dismissed as a party after he allegedly agreed with Plaintiffs that Defendant had sent them the proper amount of money after the sale of the San Francisco property. (*Id.* 5:19–6:5). The court then granted Defendant's motions to require Plaintiffs to file an amended complaint, to remove Gould as a plaintiff for lack of standing, and to dismiss for lack of jurisdiction. (*Id.* 6:7–20).

Plaintiffs then sued Defendant in this Court. The Complaint does not list causes of action. Two passages contain the allegations of legal wrongs. First, Plaintiffs allege:

> The Defendant Committed an Corporate Civil Act of Fraud by Judgment in submitting a Bold Face lie to a Reno District Court Judge, and from said Fabrication, Committed a Criminal Act of Robbery, and then Committed a Violation of the Constitution by Removing The Plaintiffs from Their Home in Reno Nevada. The Name of this Complaint is Fraud by Judgment.

(*Id.* 1:19–26). This can be read as pleading allegations of fraud, abuse of process, robbery, and unspecified constitutional violations. No cause of action can lie for robbery, which is a criminal act; however, a cause of action can lie for conversion. No cause of action is plausible here for constitutional violations against Defendant, because it is clearly not a state actor. This passage therefore attempts to state claims for fraud, conversion, and abuse of process. At the conclusion of the Complaint, Plaintiffs allege:

> The Defendant Broke the Law in the State of Nevada under California Statute and this act caused the Plaintiffs to be removed from their Home where the Constitution allows the Citizen to be safe, secured from illegal procedure, and the state of Nevada cannot enforce any violations of California Statute[']s committed in their State.

(*Id.* 7:1–6). This passage does not allege any additional cognizable claims. Defendant has moved to dismiss for failure to state a claim or in the alternative for a more definite statement. Defendant has also moved to strike the Amended Complaint ("AC") as untimely.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th

Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B. Rule 12(e)

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. p. 12(e).

### C. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen*, 511 U.S. at 377. Federal Rule of Civil Procedure 12(b)(1) provides an affirmative defense for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Additionally, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

## III. ANALYSIS

The AC will be stricken. As Defendant notes, it was filed on August 19, 2010, far beyond the twenty-one day limit to file an amended complaint as of right in response to the motion to dismiss, which was filed on June 11, 2010. *See* Fed. R. Civ. P. 15(a)(1)(B). Furthermore, the AC alleges only fraud, which is already alleged in the Complaint. The AC repeats the argument that because First American was required by California law to provide coverage for title insurance, First

American may not itself allege any mistake in having sent too much money to Rupp upon closing. This argument cannot be fully understood without reading the facts alleged in Defendant's motion to dismiss.

Defendant explains that when Rupp and another party[3] originally purchased the condominium in San Francisco in 1997, they obtained approximately $70,000 of the financing from the Mayor's Office of Housing-City and County of San Francisco ("the City"). (Mot. Dismiss 2:12–17, ECF No. 5). Under the City's program, repayment was required only upon sale or lease of the property, at which time the principal plus 56% of any appreciation of the property became due. (*Id.* 2:18–21). Rupp accepted an offer on the property on or about May 6, 2003 and opened escrow with Defendant First American in San Francisco. (*Id.* 2:24–26). On June 24, 2003, Defendant sent Rupp a Seller's Estimate Settlement Statement "that did not reflect the amount required to pay off the City." (*Id.* 3:1–3). This appears to be the crux of Plaintiffs' allegations. They argue that Defendant's Nevada state court lawsuit, judgment, garnishment(s), and lien(s) against Rupp constituted fraud or some other tort because Defendant was a title company required under California law to bear the risk of performing a title search correctly. In other words, Plaintiffs argue that Defendant bore the risk of a negligent search of encumbrances against the property and cannot allege after the close of escrow that they sent Plaintiff too much money out of the buyer's loan proceeds based on their late discovery of the City's encumbrance.

Of course, Rupp, who was the seller of the property, presumably gave the buyer a general warranty deed. His failure to disclose the City's encumbrance on the property to the buyer in the sales contract was likely a breach of the present covenant against encumbrances, and it is almost inconceivable that the title policy at issue did not include an exclusion for encumbrances known to the seller but not disclosed. Furthermore, Defendant likely has a meritorious unclean hands and/or

---

[3]This party passed away before Rupp sold the property, leaving Rupp the sole owner. (*Id.* 2:22–23).

unilateral mistake defense against Rupp, who was actually aware of an encumbrance he apparently failed to disclose.

The City's payoff statement, dated June 25, 2003, indicated that Rupp owed the City a total of $151,300.37. Rupp admitted at a deposition that he authorized Defendant to pay off the loan to the City with the proceeds of the sale and that he intended for them to do so. (*See* Rupp Dep. 31–32, June 3, 2004). He also admitted signing a document agreeing that $151,300.37 was the total amount he owed the City. (*Id.* 40). He then admitted that $75,400.37 owed to the City was not deducted from the proceeds he received, (*id.* 48), and that he ultimately refused to send the money back after he was notified of the error, (*id.* 51–53).

The Court need not sort out the merits of the Complaint, however. Rather, it will dismiss the Complaint for lack of subject matter jurisdiction and deny all pending motions. Plaintiffs filed the Complaint while residing in California. The Complaint lists Rupp's address as being in Rancho Mirage, California and Gould's address as being in San Rafael, California. (*See* Compl. 1). First American is a California corporation. (*See* Mot. Dismiss 1).[4] Only diversity jurisdiction is implicated, because all of the possible—this is not to say plausible—claims implicated in the Complaint are state-law torts: fraud, conversion, and abuse of process. There is no diversity, as the parties were all California citizens when Plaintiffs filed the Complaint, regardless of whether Plaintiffs remain California citizens today. *See Grupo Dataflux v. Atlas Global Gp., L.P.*, 541 U.S. 567, 570–71 (2004) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824) ("[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought . . . .")). The allegations of constitutional violations are implausible on their face because Defendant is not a state actor, so federal question jurisdiction is not available.

---

[4] Plaintiffs do not allege Defendant's citizenship in the Complaint, and they have the burden of proving federal jurisdiction. *Kokkonen*, 511 U.S. at 377.

## CONCLUSION

IT IS HEREBY ORDERED the Complaint is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that all pending motions are DENIED.

IT IS SO ORDERED.

Dated this 20th day of October, 2010.

_____
ROBERT C. JONES
United States District Judge